# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50227 | **DATE** | 10/9/2002 |
| **CASE TITLE** | USF Holland, Inc. vs. Teamsters Local No. 325 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is denied. Counsel for both parties are to schedule a settlement conference with Magistrate Judge Mahoney within the next 30 days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT - 9 2002 | 15 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10-9-02 | |
| /LC | courtroom deputy's initials | 02 OCT -9 AM 11:47 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, USF Holland, Inc., ("Holland"), has filed a single-count complaint against defendant, Teamsters Local No. 325 ("Local 325"), alleging Local 325 breached a collective bargaining agreement between the parties. Jurisdiction and venue are proper based on 29 U.S.C. § 185. Before the court is Local 325's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

Because Local 325 has not filed any response to Holland's statement of additional facts under Local Rule 56.1 (or any reply at all for that matter, even though the deadline for doing so was more than a week ago), all of the facts contained therein are deemed admitted for purposes of Local 325's motion. See N.D. Ill. R. 56.1(a). And for that very reason, Local 325 has absolutely no chance of succeeding in its motion.

Local 325 is the collective bargaining representative for about 210 of the 225 persons employed at Holland's Rockford facility. On July 16, 2001, Clifford Chentnik, Local 325's principal executive officer, set up a three-person (himself and his two sons, who were also Local 325 employees) informational picket near the entrance of Holland's Rockford facility. The picket lasted between thirty to forty-five minutes. During that time, all fifty employees who were present and represented by Local 325 either stopped working or failed to start working at their scheduled time. Holland claims the so-called "wildcat" work stoppage violated the no-strike clause of the parties' collective bargaining agreement and seeks to hold Local 325 liable for lost profits and other consequential damages on the theory that Local 325's picketing caused the work stoppage.

To defeat Local 325's motion for summary judgment, Holland must present sufficient evidence to create a genuine issue of fact over whether union officials "instigated, supported, ratified or encouraged the [work stoppage] in some way." Consolidation Coal Co. v. Local 2216, 779 F.2d 1274, 1277 (7th Cir. 1985). Given the unrebutted evidence it has introduced in its statement of additional facts, it has more than met this burden. A number of Holland employees and union members who participated in the work stoppage specifically testified in their depositions that it was "common knowledge" and the Teamster's "law" that union members do not work behind a picket line. As all of these same employees also testified, they quit working as soon as they heard about the picketing, and then started working again as soon as they heard it was over. This advice is even printed on "scab cards," which one employee said were "all over." Among other things, the scab cards tell union members they have "the right not to work behind ANY picket line." Furthermore, it is undisputed that no union officials worked during the picketing. Chentnik himself had been a union member for twenty-one years before becoming the Secretary-Treasurer of Local 325.

Taking all of this evidence together, it is reasonable to infer that Chentnik knew his picketing would prompt the union members to stop working, as it in fact did. As the principal executive officer of Local 325 and a union member himself for twenty-one years, he was almost certainly aware (or so it could at least be reasonably inferred) of the pervading mentality that union members do not work behind picket lines, so that he knew as soon as the picketing started the union members would stop working. Indeed, the union members themselves testified that the reason they stopped working was because of the picketing, and the reason they went back to work was because the picketing was over, as Chentnik no doubt expected. A reasonable jury could thus conclude that Local 325 "in some way" either supported, ratified, or encouraged the work stoppage. See id.

Local 325 makes much of the fact that Chentnik himself never actually told union members not to cross the picket lines and that the picket signs specifically stated, "[Local 325] is not asking anyone to not cross the information picket line." Given the undisputed evidence above, there was no need for Chentnik to communicate with the union members – they already knew what to do. And, more importantly, this evidence makes it reasonable to conclude that *Chentnik* knew what they would do.

For the reasons stated above, Local 325's motion for summary judgment is denied.